IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GREGORY ROLAND,

    Plaintiff,
v.                                               CASE NO. 1:20-cv-2-AW-GRJ

STATE OF FLORIDA,
et al,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se* civil rights complaint, ECF No. 1. Plaintiff sues a Levy County detective, an assistant state attorney, a public defender, a circuit court judge, and the State of Florida for monetary damages and other relief in connection with Plaintiff's arrest and prosecution for controlled-substance offenses. ECF No. 1. Plaintiff also seeks leave to proceed as a pauper, ECF No. 5. For the reasons discussed below, it is respectfully **RECOMMENDED** that this case be dismissed pursuant to 28 U.S.C. § 1915(g).

## **DISCUSSION**

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a

prisoner may not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the PLRA's "three strikes" rule. "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger. *Miller v. Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule. Plaintiff previously filed at least three cases in the Northern District of Florida which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Roland v. Glant*, No. 1:11-cv-35-MP-GRJ (N.D. Fla. Aug. 9, 2011)(dismissed for failure to state a claim); *Roland v. Browning*, No. 1:11-cv-34-MP-GRJ (N.D. Fla. Aug. 15, 2011) (dismissed as frivolous); *Roland v. Smith*, No. 1:03-cv-2-MP-AK (N.D. Fla. August 11, 2003) (dismissed as frivolous); *Roland v. Levy County Sheriff*, No. 1:97-cv-117-MP (N.D. Fla. Sept. 1, 1999) (dismissed for failure to state a claim). The Court has confirmed that the Plaintiff in those cases is the

same as the Plaintiff in this case, having DOC inmate #038354. Further, Plaintiff is aware that he is subject to the three-strikes bar because this Court has previously imposed the bar in dismissing a similar civil rights case. *See Roland v. State of Florida,* Case No. 1:13-cv-208-SPM-GRJ, ECF No. 5 (Jan. 17, 2014) (dismissing case pursuant to three-strikes bar).

Plaintiff is therefore barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." § 1915(g). Even liberally construed, there are no factual allegations suggesting that Plaintiff's claims pertain in any way to an imminent danger of serious physical injury. *See* ECF No. 1.

Accordingly, the Court concludes that the three-strikes provision of § 1915(g) bars Plaintiff from bringing this case as a pauper. A prisoner who is no longer entitled to proceed as a pauper must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Plaintiff did not pay the filing fee at the time he initiated this suit. This case is therefore due to be dismissed.

It is therefore respectfully **RECOMMENDED:**

1. That leave to proceed as a pauper, ECF No. 5, should be **DENIED;** and

2. That this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to the three-strikes bar under 28 U.S.C § 1915(g).

**IN CHAMBERS** this 6th day of February 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**