IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA

PROVIDED TO MAYO CORRECTIONAL INSTITUTION
ON 02-20-20 (DATE) FOR MAILING
(STAFF INITIAL)___ (I/M INITIAL)___

Gregory Roland
    Plaintiff
                                        Case No: 1:20-CV-2-AW-GRJ
        v
State of Florida
    Defendant

## OBJECTION TO RECOMMENDATION

This Cause, Came before the Court upon petitioner's Pro-se Action under 42 U.S.C. § 1983 Complaint, Filed 1/27/2020.

Petitioner Contends that the Court overlooked or /Misopprehended Controlling Point of Law established by Court and other Courts of Authority. In support hereof. Petitioner will demonstrate to the Court the Following omission and/or Missapprehend / missapprehension:

Petitioner argue that this 42 U.S.C. § 1983 Complaint was filed Under a New Case Number - 38-2010-CF-000873A and the three Strikes rule Does not apply to this case, Despite the Status of this Complaint it's still subject to initial Review under 28 U.S.C. § 1915(e)(2)(B)(i).

In essence § 1915(e)(2) is a Screening process to be applied. Sua sponte and at any time during (2011 U.S. Dist Lexis) the proceeding. The court nonetheless, must read plaintiff's allegation in a liberal fashion Hughes v. Lott 350 F.3d 1157, 1160 (11th Cir 2003. Ruther, the test for granting a § 1915 dismissal is whether the claim locks arguable Merit either in Law or fact Id at 325 Mitchell v. Brown & Williamson Tabacco Corp. 294 F.3d 1309 11th Cir 2002. 2011, U.S. Dist Lexis Bilal v. Driver 251 F.3d 1346 11th Cir 2001 Title 42 U.S.C. § 1983 imposes liability on anyone who under color of the State Law, deprives a person of any Rights, Privileges or immunities secured by the Constitution and Law.

### History of the Case: 38-2010-CF-000873-A

On 11/24/2010, petitioner was Arrested without Cause or a arrest warrant. See ex PG 102) On 1/06/2011, Petitioner was Release on his own Recognizance, see the State's Attorney Nolle prosequi the case, See 102 PG on 1/18/2011. Petitioner was Falsely Arrested Tampering with a witness. Contrary to 914.22(3)(a).

FILED USDC FLND GV
FEB 24 '20 AM 11:39
KM

The Drug Cases 38-2010-CF-000873A were Nolle Prosequi for the Reason Insufficient Evidence to sustain A Conviction, and the Evidence was Dispose of by the Custodian accordance to Florida Statutes, on 7/26/2011. this Court took this Case to trial In violation of Petition 4th, 5th 6th 8th and 14th Amendment Rights.

Petitioner should receive special consideration on the Merit of this Malicious Prosecution, this Court may consider procudurally defaulted Claims. This Court is required to Read a Complaint generusly, drawing all reasonable inference from the Complaint's Allegations See Cali. Motor Transp. Co. v Trucking Unlimited 404 U.S 508, The Court may be required to Conduct a limited analysis of the legal issues in order to ascertain whether an objective legal basis for the dispute exists. See 258 So.3d 549

### Civil Procedure

Burden of Proof General overview. Petitioner has support his Cause with Credible evidences. that would entitle it to direct verdict if not Controverted at trial. Such an affirmative showing Shifts the burden of production to the party opposing the Motion and requires that party either to produce evidence or evidentiary materials that demonstrate the existence of a Genuine issue for trial. petitioner assert that there was No Information Charges Filed in this Case. Petitioner Can attack the information without time limitation because the information was based on Fraud by the Prosecutor in swearing that the Charges were based on Swear Statements sufficient to support the Charges. when they were insufficient. Petitioner has shown Convincing Evidence that support his theory that the proper legal Standard were not Applied.") See Lewis v. Callahan 125 F.3d 1436 (11th Cir. 1997.)

### Double Jeoparty / Vindictive Prosecution

7/26/2011. State's Prosecutor took these Nolle-Prosequi Cases to Trial. in violation of Petitioner Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment, Petitioner was founded Not guilty see ex(D)(1) These are the Four False Drug Charges that Confident Informant PG 28 Cecilia Henry assisted Detective Jerry Miller in, see ex PG 248 HT Case No; 1D115932. Detective Jerry Miller Investigation Report also see ex PG   Arrest Affidavit. Case No 38-2010-CF-000873A, also see ex pg 3   Arrest Affidavit. Case No 38-2011-CF-000031A also see ex 195. The filing of Information, Case No 38-2011. CF-000031A.

On 10/1/2011. State's Attorney Glenn Bryan took Case No: 38-2011-CF-0000314 To Trial. When He knew that I was Founded not guilty in the official Investigation Case No. 38-2010-CF-000873-A Prosecutor Glenn Bryan had violated petitioner Sixth Amendment to a Fair Trial. He took Nolle prosequi Case to Trial, in the information for Case No: 38-2011-CF-0000314, it state that petitioner harass Cecilia Henry and prevented her from testifying in an official proceeding, or Coopering in an official investigation. petitioner went to Court, 4/26/2011. and was Aquittal Prosecutor Glenn Bryan violated petition-er Fifth Amendment Right under the Fifth Amendment. this was Multiple Prosecution for a single or Related Act, Prosecutor Committed Miscarriage of Justice when He Bifurcated 33(9) and Amended the in-formation to F.S. 914.22(1) (L7,F). afther the fact that Petitioner had been Aquittal in Case No. 38-2010-CF-000873 A, the official Investigation. petitioner assert that Prosecutor Glenn Bryan Committed reversible error when he Allow Detective to Testify Falsely. See ex F-3 PG 12. Detective Jerry Miller Trial testimony, Detective Miller Stated that petitioner had pend--ing investigation. this was an Giglio violation. this testimony was Material because it Characterize petitioner as a Hoodlum

The Fifth Amendment guarantee the equal protection of the Law. See Bolling v. Sharpe 347 u.s 497, 499, 74 S. Ct 693 98 L.Ed 2d 884 (1954). The Supreme Court has recognized that discrimination may Constitute Denial of Due process of Law thereby violating the Fifth Amendment. Petitioner assert that there were No Drug Investigation in case NO 38-2010-CF-000873A. This was the reason why these cases were Nolle prosequi and the Evidence was Dispose of according to Florida statutes. How do you Take a case to Trial and Dispose of the Evidence. this was a Fourth and Sixth Amendment Civil Right violation this act was done under the Color of State Law had engaged in an unlawful, unreasonable, and ar-bitrary investigation leading to petitioner's arrest, prosecutor Glenn Bryan Knowingly destoryed evidence, which was exculpatory in nature and could have proved petitioner innocent. This Case lies at the inter-Section of the two fertile sources of federal-Court prisoner litigat-ion- the Civil Right Act of 1871, Rev stat § 1979 as amended 42 U.S.C § 2254   28 U.S.C § 2254 Both of these provide access to a federal forum for Claim of unconstitutional treatment at the hands of state official, but they differ in their scope and operation.

This Claim came within the literal terms of § 1983 Id 488-490 36 L. Ed 2d 439, 93 S. Ct 1827 we look first to common Law torts cf Stachura, supra at 306 91 L. Ed 2d 249, 106 S. Ct 2537 See also Roberts PG 393 v Thomas unlawfull Confinement

preis v. Rodrigues 411 U.S 475, 36 L. Ed 2d 439 S. Ct 1827

Petitioner argue that his Confinement is in Violation of the Constitution or Treaties of the United States 28 U.S.C § 2254(a)

## Argument

Petitioner is Actually Innocent and should be Allowed to Proceed in Pauper. Petitioner has shown sufficient evidence to support his Claim Malicious Prosecution, if Prove serves as a gate-way through which a petitioner may pass, whether the impediment is a procedural bar See Boosley v. US 612, 618 S. ct 1604; Meggin v. Perkins 133 S. ct 1924 185 L.Ed 2d 1019 (2013) Schlup v. Delo 513 U.S. 298, 115 S. ct 851 at 865, 130 L.Ed 2d 808 1995. also see 28 U.S.C. § 2244(d) the Date on which the factual predicate of the Claim presented could have not been discovered through the exercise of due diligence. The state has Never shown Proof of Petitioner arrest or the filing of Information with Appendix Documents Proof, Such as Booking Transcripts Cad Sheet Arrest.

Petitioner argue that the state Cannot produce admissiable evidence to support the Fact. Fed. R. Civ. P. 56(C)(1)(B) there are No genuine Facts. Petitioner argues that he is entitle to an Evidentiary Hearing which is Mandate in Civil proceeding.

## Relief Soughted

For this Court to Allow petitioner to proceed in pauper and grant a Evidence/Evidentiary Hearing

## Oath

Under the penality of Purjury, I declare that I have Read this Motion I understand English; I understand the Contends and all it's Facts State therein are true and correct executed this 20 day of February 2020

## CERTIFICATION

I HEREBY CERTIFY, that a true copy of this Motion for Objection to Recommendation was place in the hands of a Mayo official for the purpose of Mailing to the Attorney General PL-01 Capitol Tallahassee, Fl 32399 / United States District Court. 401 S.E 1st ave suite 243 Gainesville, Fl 32601

Gregory Roland
Gregory Roland #038354
~~Avon Park Correctional~~
Mayo Correctional Institution
8784 U.S. Hwy 27 West
Mayo, Fl 32066

#2011-CF-000031A
#T; Case No: ID 115932

Exhibit B

# IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT, IN AND FOR LEVY COUNTY, FLORIDA

STATE OF FLORIDA
    PLAINTIFF

VS.                                      CASE NO.: 38-2010-CF-000873A
                                                        38-2011-CF-31A

Gregory Roland
    DEFENDANT,

## CLERK'S CERTIFICATE OF MAILING

I, DANNY J. SHIPP, Clerk of Circuit Court in and for Levy County, do hereby certify that a copy of:
CASE HISTORY/HISTORY PRINT (2010-CF-873A)
SWORN COMPLAINT (2011-CF-31A)
JUDGMENT & SENTENCE- CERTIFIED COPY (2011-CF-31A)

were mailed by U.S. certified mail to:
GREGORY ROLAND DC#038354
APALACHEE CORRECTIONAL INSTITUTION
35 APALACHEE DR
SNEADS, FL 32460

The following were not sent to the defendant because there is no such document filed:
*BOOKING REPORTS
*BOOKING TRANSCRIPTS
*CLERK FILED CAD SHEET
→ *JAY BOLTON'S PRIMARY UNIT NUMBER
→ *THE CITY OFFICER WHO SIGNED IN JAIL AND THE SHERIFF WHO SIGNED THE RECEIVED SHEET.
→ *TRANSCRIPTS (2010-CF-873A)

on the above styled case on this 10TH day of JUNE, 2013.

WITNESS MY HAND AND OFFICIAL SEAL of said Court on this 10TH day of JUNE, 2013.
                                                    DANNY J. SHIPP
                                                    CLERK OF COURT

CHRISSY JORDAN, Deputy Clerk

11/30/2010

☒ ARREST  ☐ SWORN COMPLAINT  ☐ HOLD  ☐ JUVENILE  ☐ NOTICE TO APPEAR

**EIGHTH JUDICIAL CIRCUIT**

| Field | Value |
|---|---|
| OBTS NUMBER | 3801019917 |
| AGENCY CASE REPORT NUMBER | 10-06882 |
| NAME OF SUBJECT (LAST, FIRST, MI) | Roland, Gregory Robert |
| ALIAS / MAIDEN | "Straighten up" |
| 911 HOME ADDRESS | 1123 nw 12th ave |
| CITY | Chiefland |
| STATE | FL |
| ZIP CODE | 32626 |
| RACE | ☒ BLACK |
| SEX | M |
| DATE OF BIRTH | 07-21-54 |
| HEIGHT | 5'8 |
| WEIGHT | 185 |
| HAIR COLOR | Black |
| EYE COLOR | Brown |
| COMPLEXION | med |
| BUILD | med |
| DRIVERS LICENSE | R453-296-54-261-0 |
| STATE OF DL/ID | FL |
| SOCIAL SECURITY NUMBER | 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 |
| PLACE OF BIRTH | FL |
| COUNTRY OF CITIZENSHIP | USA |
| SUBJECT'S OCCUPATION | Drug Dealer |
| SO ID / AGENCY ID / NUMBER | 39 |
| BOOKING NUMBER | 1#130 |
| LOCATION OF ARREST | 1123 nw 12th ave |
| DATE OF ARREST | 11-24-10 |
| TIME OF ARREST (MILITARY) | 1130 |
| DATE OF BOOKING | 11-24-10 |
| TIME OF BOOKING | 6215 |
| SUBJECT IDENTIFIED BY WHOM | Inv Miller |
| SUBJECT'S NAME VERIFIED BY | Known to Inv. Miller |

**WITNESS**
#1 (NAME): Inv. J. Bolton  ADDRESS: Chiefland Police Department / DTF

**CHARGE 1**
- OFFENSE DESCRIPTION: Poss Controlled Substance
- ☒ FELONY
- COMPLETE STATUTE: 893.13-6-A
- ☒ WARRANT  NUMBER: 38-2010-CF-842-A
- DATE OF OFFENSE: 06-11-10
- BAIL AMOUNT: 100,000
- VICTIM (NAME): SOF

**CHARGE 2**
- OFFENSE DESCRIPTION: Sale of Controlled Substance w/in 1000 ft church
- ☒ FELONY
- COMPLETE STATUTE: 893.13-1-E
- ☒ WARRANT  NUMBER: 38-2010-CF-842-A
- DATE OF OFFENSE: 06-11-10
- BAIL AMOUNT: 100,000
- VICTIM (NAME): SOF

**PROSECUTIVE SUMMARY**
THE FOLLOWING INCIDENT OCCURRED AT: 1123 nw 12th ave  CITY OF: Chiefland  COUNTY OF: Levy  STATE OF: FLORIDA

On 11-24-10 defendant was arrested on Levy county warrant # 38-2010-CF-842-A. Reference Poss/sale of Controlled Substance with in 1000 ft of a place of worship.

**JURAT**
SWORN TO AND SUBSCRIBED TO BEFORE ME THIS: 24 DAY OF Nov, 2010
NAME (PRINT): Jerry B. Miller
AGENCY: LCSO DTF
LEO ID NUMBER: D219

Form Date (Revised 1/00)  White-Court  Yellow-State Attorney  2nd White-Agency  Green-Investigator  Golden-Defendant  PAGE 1 OF 1

2

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR LEVY COUNTY, FLORIDA

STATE OF FLORIDA
Plaintiff,

Case Number: 38-2010-CF-000873-A

FELONY DIVISION

vs.

GREGORY ROBERT ROLAND
Defendant.

FILED IN OPEN COURT ON 7-26-11
By _____

## VERDICT

WE THE JURY, find as follows as to the defendant GREGORY ROBERT ROLAND in this case:

AS TO COUNT I (**Possession of a Controlled Substance with the Intent to Sell**):

_____ 1. The defendant is guilty of Possession of a Controlled Substance with the Intent to Sell, as charged in Count I of the Information.

_____ 2. The defendant is guilty of the lesser included offense of Possession of a Controlled Substance.

__✓___ 3. The defendant is not guilty.

AS TO COUNT II (**Sale of a Controlled Substance within 1000 feet of a place of worship**):

_____ 1. The defendant is guilty of Sale of a Controlled Substance within 1000 feet of a place of worship, as charged in Count II of the Information.

_____ 2. The defendant is guilty of the lesser included offense of Sale of a Controlled Substance.

__✓___ 3. The defendant is not guilty.

So say we all, this __26__ day of July, 2011, at BRONSON, LEVY COUNTY, FLORIDA.

May Battles
Foreperson
May Battle

CERTIFIED TRUE COPY
DANNY J. SHIPP, CLERK
By _____
Deputy Clerk
Dated: 7/19/12

GREGORY ROBERT ROLAND vs. STATE OF FLORIDA
LT. CASE NO: 2011 CF 000031 A
HT. CASE NO: 1D15-0799

Exhibit (J)

## IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
## IN AND FOR LEVY COUNTY, FLORIDA

STATE OF FLORIDA                     Case Number: 38-2011-CF-000031-A
Plaintiff,
                                     FELONY DIVISION
vs.

GREGORY ROBERT ROLAND, B/M, 07/21/1954, 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

CHARGES:
  I)    TAMPERING WITH OR HARASSING A WITNESS

### INFORMATION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

WILLIAM P. CERVONE, STATE ATTORNEY for the Eighth Judicial Circuit, prosecuting for the State of Florida, under oath, alleges by information that GREGORY ROBERT ROLAND, in Levy County, Florida, on or about January 18, 2011, did attempt or did intentionally engage in conduct to harass Cecilia Henry and thereby hindered, delayed, and/or prevented or dissuaded Cecilia Henry from attending or testifying in an official proceeding or cooperating in an official investigation or reporting to a law enforcement officer, the commission or possible commission of an offense by stating to Henry "If you testify, I will kill you", contrary to 914.22(3)(a), Florida Statutes. [F1, L7]

STATE OF FLORIDA
COUNTY OF LEVY

Personally appeared before me the undersigned GLENN E BRYAN Assistant State Attorney, Eighth Judicial Circuit of Florida, who, being first duly sworn, says that the allegations set forth in the foregoing INFORMATION are based upon facts that have been sworn to as true, and which if true, would constitute the offense therein charged, and is filed in good faith, and does hereby certify that he/she has received testimony under oath from the material witness or witnesses for the offense.

WILLIAM P. CERVONE
STATE ATTORNEY

GLENN E BRYAN
Assistant State Attorney
Florida Bar No. 620351

The foregoing instrument was acknowledged before me this 9 day of March, 2011 by GLENN E BRYAN, Assistant State Attorney, who is personally known to me and who did take an oath.

CHRISTY DAWN SHOUSE
MY COMMISSION # DD 990174
EXPIRES: May 10, 2014
Bonded Thru Budget Notary Services

NOTARY PUBLIC

195

GREGORY ROBERT ROLAND vs. STATE OF FLORIDA
LT. CASE NO: 2011 CF 000031 A
HT. CASE NO: 1D115932

SCANNED

**Exhibit A**

purchasing so much of the substance from him and from numerous other individuals in defendant's presence.

attempting to force CS to have sex with him in exchange for the payment for the drug. There are several crack cocaine addicted woman that live in this area that make payment through sexual intercourse with defendant for crack cocaine debts.

> During an interview witness, Reginald Duffy advised that defendant walked onto his families property an initiated a verbal disturbance concerning CS and her involvement with the Drug Task Force. Defendant then called an unknown source on his cell phone and stated that he wanted to do her, but that he could not do it right now. Defendant then stated that he had a $5,000 hit on CS.

*Hearsay ex Girlfriend*

*inl*
*in alley*

249

Case 1:20-cv-00002-AW-GRJ   Document 7   Filed 02/24/20   Page 11 of 15

GREGORY ROBERT ROLAND vs. STATE OF FLORIDA
LT. CASE NO: 2011 CF 000031 A
HT. CASE NO: 1D115932

Exhibit A    two copies

Case # 11-01966
Reference: Witness, Victim or Informant Tampering
Date: 01-18-2011
Submitted by Investigator B. Miller D-219

On 01-18-2011 CS was being driven by Robert Washington to the address of NW 1112 NW 12th Ave to pick up her children. This address is the home of CS's family and a place where she has lived at most of her life and is approximately 3 houses east of Gregory Roland, defendant's residence. Upon arrival CS observed that defendant was walking east on 12th Ave in front of her family's residence and then observed that her son, Edwin Henry and her nephew, Reginald Duffy were in the front yard of the property and that they were involved in a heated argument with defendant. Defendant then stood in front of the property on the roadway and cursed and yelled at Edwin Henry and Reginald Duffy. The vehicle that CS was traveling in arrived and pulled into the driveway of the property near the roadway and stopped.

Defendant observed that CS was the front seat passenger of the vehicle and began approaching the vehicle's passenger side. Defendant was looking directly at CS and cursing. CS called writer on a cell phone and made me aware of the situation, then activated the external speaker on the phone. CS rolled down the window, defendant walked toward the vehicle and stopped approx 2 ft from the vehicles door. Edwin Henry stated, I wish that I had a gun momma I would shoot this fool! CS rolled down the window defendant stated, |Bitch you know I got a $5,000 hit on you! If you testify I will kill you!| Writer also heard this statement but was unable to identify the voice. CS confirmed to writer that it was the voice of defendant. CS was in fear for her life and personal safety and at this time departed from the area.

CS is a documented informant that has assisted The Drug Task Force in numerous investigations involving the Distribution and Sale of Crack Cocaine. These investigation resulted in the arrests of approximately 12-13 different people in approximately 25 separate cases including 4 active cases where defendant Possessed and Sold CS Crack Cocaine with in 1000ft of a place of Worship. Defendant was under the belief that CS was addicted to crack cocaine due to her purchasing so much of the substance from him and from numerous other individuals in defendant's presence .

was forced to stop purchasing crack cocaine in the Hardee Town area because defendant's behavior was becoming increasingly aggressive towards her. Defendant was under the belief that CS was addicted to crack cocaine due to her

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR LEVY COUNTY, FLORIDA

STATE OF FLORIDA                    Case Number: 38-2011-CF-000031-A
Plaintiff,

FELONY DIVISION

vs.

GREGORY ROBERT ROLAND, B/M, 07/21/1954, 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

CHARGES:
    I)    TAMPERING WITH A WITNESS, VICTIM, OR INFORMANT

***AMENDED INFORMATION***

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

    WILLIAM P. CERVONE, STATE ATTORNEY for the Eighth Judicial Circuit, prosecuting for the State of Florida, under oath, alleges by information that GREGORY ROBERT ROLAND, in Levy County, Florida, on or about January 18, 2011, did then and there knowingly use intimidation, threaten another person, or did attempt to do so, or engage in misleading contact toward another person, to wit: CECILIA HENRY by stating to Henry, "If you testify, I will kill you,", with the intent to cause or induce CECILIA HENRY to withhold testimony in an official proceeding or be absent from an official proceeding to which CECILIA HENRY had been summoned by legal process, contrary to F.S. 914.22 (1). (L7, F1)

STATE OF FLORIDA
COUNTY OF LEVY

    Personally appeared before me the undersigned GLENN E. BRYAN Assistant State Attorney, Eighth Judicial Circuit of Florida, who, being first duly sworn, says that the allegations set forth in the foregoing INFORMATION are based upon facts that have been sworn to as true, and which if true, would constitute the offense therein charged, and is filed in good faith, and does hereby certify that he/she has received testimony under oath from the material witness or witnesses for the offense.

WILLIAM P. CERVONE
STATE ATTORNEY

_____
GLENN E. BRYAN
Assistant State Attorney
Florida Bar No.: 620351

    The foregoing instrument was acknowledged before me this _20_ day of October, 2011 by GLENN E. BRYAN, Assistant State Attorney, who is personally known to me and who did take an oath.

_____
NOTARY PUBLIC

DEBRA E. BECKHAM
MY COMMISSION # DD 798801
EXPIRES: July 16, 2012
Bonded Thru Budget Notary Services

(6)

Appenix Exhibits

Page

2 Arrest Affidavit: Case No: 38-2010-CF-000873-A

3 Amended Information:

28 Verdict:

60 Testimony at Trial Detective Jerry Miller

70 Public Record:

195 Information:

(1) 248 Detective Jerry Miller Investigation Report

(2) 249

Exhibit (F-3)

60

1  Q   And are you a sworn law enforcement officer?
2  A   Yes, sir, I am.
3  Q   Investigator Miller, prior to January of 2011, were
4  you familiar with an individual by the name of Cecilia Henry?
5  A   Yes, sir, I was.
6  Q   And had you used Ms. Cecilia Henry as a -- or to
7  assist you in investigations that you were conducting with
8  regards to Gregory Roland?
9  A   Yes, sir, I did.
10 Q   Do you see Mr. Roland sitting here in the courtroom
11 today?
12 A   Yes, sir, I do.
13 Q   Can you point to him and describe an article of
14 clothing that he's wearing?
15 A   He's wearing a blue shirt with a -- or a white shirt
16 and a blue vest.
17     MR. BRYAN: Your Honor, I ask the record reflect the
18     witness identified the defendant?
19     THE COURT: Noted for the record.
20 BY MR. BRYAN:
21 Q   And, Investigator Miller, that individual, who you've
22 identified as Gregory Roland, was, in fact, the individual that
(23) you were --/you had several investigations pending against; is
(24) that correct?     *Perjury by Detective*
25 A   Yes, sir, that is correct.

*Trial testimony*    *I won my Drug Case*
*Investigation pending*   12   *38-2010-CF000873A*

Gregory Roland #038354
Mayo Correctional Institution
8784 U.S. Hwy 27 West
Mayo, Fl 32066

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION



U.S. POSTAGE >> PITNEY BOWES
ZIP 32066 $ 001.40⁰
02 4W
0000357874 FEB 20 2020

United States District Court
401 S.E. 1st ave Suite 243
Gainesville, Fl 32601

CHECKED FEB 17 2020

LEGAL MAIL ONLY

32601$6895 C001